## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL J. FEKETE** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER** | : | |
| **CORP. a/k/a AMTRAK and** | : | |
| **ROB'S TOWING & HAULING, INC.** | : | **No. 11-6570** |
| **Defendants.** | : | |

### MEMORANDUM

**Schiller, J.**                                                                 **November 16, 2011**

Plaintiff Paul J. Fekete has filed a lawsuit against Defendants National Railroad Passernger Corporation a/k/a Amtrak ("Amtrak") and Rob's Towing & Hauling, Inc. ("Rob's Towing") in connection with property damage and lost earnings that he incurred as a result of an accident involving his dump truck on June 21, 2010. Pending before the Court is Rob's Towing's motion to dismiss for failure to state a claim. For the following reasons, the motion will be granted.


## I.        BACKGROUND

On June 21, 2010, Fekete was operating his dump truck to make a delivery of stone on behalf of Dyer Quarry to Amtrak. Amtrak's agent directed Fekete to proceed down an unstable access road where Fekete's dump truck sunk into the ground and tipped over. (Compl. ¶ 6.) Amtrak contacted Rob's Towing to tow Fekete's dump truck from the access road. (*Id.* ¶ 7.) However, Rob's Towing was unable to remove the truck and instead caused further damage to the truck. (*Id.*) The truck remained on the access road for two days and caused Fekete extensive property damage to the truck and lost wages due to his inability to use the truck to earn his living. (*Id.*) Fekete filed a lawsuit in

the Philadelphia County Cour of Common Pleas. Amtrak removed to this Court and subsequently

filed a Third Party Complaint against Third Party Defendant Dyer Quarry, Inc. ("Dyer Quarry") for

contribution and indemnification.

## II.      STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as

true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party.

*See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*,

*Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true,

read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable

reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59,

64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding

a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to

dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Iqbal*, 129 S. Ct. at 1960. Although the federal rules impose no probability requirement at the

pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id.* (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals directs district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must then make a common-sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.* at 211.

## III.    DISCUSSION

To succeed on a negligence claim under Pennsylvania law, a plaintiff must prove four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's breach of duty and the plaintiff's injury; and (4) actual damage. *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005), *see also State Farm Fire & Cas. Co. v. Gopher Baroque Enters., Ltd.*, Civ. A. No. 09-322, 2010 WL 5464767, at *8 (E.D. Pa. Dec. 29, 2010).

Fekete fails to sufficiently allege facts that would raise a right to relief above the speculative level as to the four elements required for a negligence claim. The Court could infer the first element from the allegations in the Complaint: Rob's Towing owed a duty to Fekete to use reasonable care to not further damage his truck. Fekete satisfactorily pled the fourth element of damage by alleging

that his "dump truck sunk into the ground, and thereafter tipped over and remained for (2) days, thereby causing . . . extensive property damage and wage losses." (Compl. ¶ 6.) However, Fekete fails to adequately plead the second and third elements required for a negligence claims. Instead, he uses conclusory statements, alleging that  the accident was "due to the negligence of . . . Rob's Towing." (*Id.* ¶ 8.) The Court will not credit such conclusory statements in deciding a motion to dismiss. *See W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) ("In determining whether a complaint is sufficient, courts should disregard the complaint's legal conclusions . . . .") While Fekete states that Rob's Towing's conduct "caused further damage to the dump truck and loss of wages to" him (Compl. ¶ 7), because Plaintiff's failed to allege any specific conduct by Rob's Towing, this Court is unable to determine if this satisfies the pleading requirement for the third element. The Court recognizes that Plaintiff in his response does identify conduct by Rob's Towing that may satisfy the second and third elements, including a statement that an employee from Rob's Towing "hooked his tow truck to the dump truck" (Pl.'s Mem. of Law in Opp'n to Def. Rob's Towing & Hauling, Inc.'s Mot. to Dismiss at 4), however the Court may only consider allegations within the Complaint. *See Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004) ("It is black-letter law that a motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings.") (internal quotation marks and brackets omitted).

Accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of Fekete, Plaintiff fails to sufficiently plead a negligence claim against Defendant Rob's Towing. The Court will therefore grant Rob's Towing's motion to dismiss. However, the Court will afford Plaintiff an opportunity to file an amended to complaint to state a claim against Rob's Towing.

4

**IV.     CONCLUSION**

For the reasons stated above, the Court will grant Rob's Towing's motion to dismiss is granted. The Court will also grant Fekete leave to file an amended complaint. An Order consistent with this Memorandum will be docketed separately.